WASHINGTON BELT and Others, Appellants, *v.* AMERICAN CENTRAL. INSURANCE COMPANY, Respondent.

*Fire insurance policy — ratification by the insured of a change in the policy.*

Upon the trial of an action brought against an insurance company it was shown that the plaintiffs insured certain wool with the defendant for $5,000. Annexed to the policy was a stipulation known as an "eighty per cent co-insurance clause." On August 26, 1892, certain improvements having been made on the building wherein such insured property was stored, the plaintiffs applied for a reduction of the amount of the premium paid for such insurance, surrendered the policy, and received from the defendant a binding slip therefor.

On August 27, 1892, the property insured was burned. About ten days after the fire the policy was returned to the plaintiffs' agents, and was by them delivered to the plaintiffs. The rate of insurance was reduced and a portion of the premium paid was returned. The "eighty per cent co-insurance clause" was detached and a "one hundred per cent co-insurance clause" substituted therefor. Under the "eighty per cent co-insurance clause" the plaintiffs would have received $4,118.60 of the insurance. Under the substituted clause they were entitled to receive but $3,294.88.

In October, 1892, the plaintiffs and the defendant agreed upon the amount of damage occasioned by the fire, and the plaintiffs verified and served upon the defendant proofs of loss by which they claimed $3,294.88, which the defendant, in November 1892, paid them, less a reduction for interest, the plaintiffs surrendering the policy, and giving a receipt for such amount received by them, "in full settlement, compromise and discharge of all claims and demands for loss and damage by fire" to the property in question under such policy.

*Held,* that under the circumstances the plaintiffs had ratified the substitution of the "one hundred per cent co-insurance clause" for the "eighty per cent co-insurance clause," even if there had been no previous authority given to make such change.

APPEAL by the plaintiffs, Washington Belt and others, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the city and county of New York on

the 23d day of June, 1893, dismissing the plaintiffs' complaint and for costs, rendered after a trial at the New York Special Term.

The defendant is a corporation organized under the laws of the State of Missouri, and in July and August, 1892, Ackerman, Deyo & Hilliard were its general agents in the city of New York, with power to bind it by contracts of insurance. During this period Brown & Skinner were insurance brokers in the city of New York, who were employed by the plaintiffs to procure insurance on their property. On July 14, 1892, the defendant, in consideration of $58.50, through Ackerman, Deyo & Hilliard, insured the plaintiffs' wool under policy No. 593,416, for one year against loss by fire in a sum not exceeding $5,000. Attached to the policy was a stipulation called an eighty per cent co-insurance clause, of which the following is a copy:

"N. Y. Standard, Percentage Co-Insurance Clause.

"If, at the time of the fire, the whole amount of insurance on the property covered by this policy shall be less than eighty per cent of the actual cash value thereof, this company shall, in case of loss or damage, be liable for only such portion of such loss or damage as the amount insured by this policy shall bear to the said eighty per cent of the actual cash value of such property."

The policy, with the clause attached, was delivered to Brown & Skinner, the agents of the plaintiffs.

Afterwards the plaintiffs improved the building wherein the property was stored, by reason of which they claimed that they were entitled to have the premium reduced, and on the 26th of August, 1892, their agents, Brown & Skinner, delivered this and other policies issued by Ackerman, Deyo & Hilliard to them for the purpose of having the premium reduced. ·

On the delivery of the policy, Ackerman, Deyo & Hilliard delivered a binding slip, of which the following is a copy:

"New York, *August 25th,* 1892.

"We, the undersigned insurance companies, do hereby insure Belt, Butler & Co., for the amount set opposite our respective names. Subject to the conditions of Standard Fire Insurance Policy of the State of New York. On stock of wool contained

in 120 and 122 Wooster st., N. Y. city, as per policies left with companies for a reduction in rate.

" Binding this 26 day of August at noon.

" (This Memo. to be void on delivery of policies at this office.

| Company | Amount | Accepted |
|---|---|---|
| 593,416 | American Central. | $5,000." |

August 27, 1892, the property insured was burned. About ten days after the fire the policy was returned to Brown & Skinner, who delivered it to the plaintiffs. When returned it was indorsed as follows : " Aug. 23, ' 92, rate reduced to 63% for improvements under slip No. 1,483, return premium $18.78 therefor. A. D. & H." The eighty per cent co-insurance clause was detached, and the following clause substituted in its place :

" N. Y. STANDARD CO-INSURANCE CLAUSE.

" If, at the time of the fire, the whole amount of insurance on the property covered by this policy shall be less than the actual cash value thereof, this company shall, in case of loss or damage, be liable for such portion only of such loss or damage as the amount insured by this policy shall bear to the actual cash value of such property.

" Attached to and forming part of Policy No. 593,416.

" A. D. & H., *Agts.*,

" (Signature for Company)."

When the policy was returned the binding slip was surrendered to Ackerman, Deyo & Hilliard.

On the twenty-sixth of October the plaintiffs and the several insurance companies interested agreed that the damage occasioned by the fire was $87,000.

On the 27th of October, 1892, the plaintiffs verified and served upon the defendant proofs of loss by which they claimed $3,294.88, which the defendant, on the 7th of November, 1892, paid, less a reduction for interest, and surrendered the policy, giving the following receipt :

" 3,294.88.    · NEW YORK CITY, *Nov.* 7, 1892.

" Received from American Central Insurance Company of St. Louis, through Ackerman, Deyo & Hilliard, agents, the sum of Thirty-two hundred ninety-four and 88-100 dollars in full settle-

ment, compromise and discharge of all claims and demands for loss and damage by fire on the 27th day of August, 1892, to the property insured by policy No. 593,416, Renewal No. ........ issued at the agency of said company at New York City, and said policy is hereby surrendered and canceled.

" Amount of loss................................. ........ $3,294.88
" Discount...................................... 32.94

    " Net draft.................................... $3,261.94

                      " BELT, BUTLER & CO.,
                      " W. H. GOLDSTEIN & CO."

* The loss was adjusted upon the basis of a one hundred per cent co-insurance clause, but had it been adjusted upon the basis of an eighty per cent co-insurance clause the plaintiffs would have been entitled to receive $4,118.60, a difference of $823.73, to recover which sum this action was brought.

*William H. Hamilton*, for the appellants.

*Michael H. Cardozo*, for the respondent.

FOLLETT, J.:

When the policy was issued the plaintiffs' agents knew that it had an eighty per cent co-insurance clause attached and what they knew the plaintiffs are deemed in law to have known. Knowing this, the plaintiffs subsequently received the policy with the rate of premium reduced, a one hundred per cent co-insurance clause substituted, thereafter filed proofs of loss claiming on the basis of the one hundred per cent co-insurance clause, were paid the full amount of their claim and surrendered the policy. This, we think, amounted to a ratification of the substitution of the one hundred per cent co-insurance clause for the eighty per cent co-insurance clause, even if there were no previous authority to make the change, of which there is some evidence in the case. The presumption arising from the evidence is that the change was either authorized or ratified. There was indorsed on the policy this memorandum :

   " 63 c.
   " Full Co-In. 61.
     " Build. 65.
     " Stock, 10.
   " Co. full clause."

The evidence tended to show that this indorsement was made by the clerk of Brown & Skinner before the policy was delivered to Ackerman, Deyo & Hilliard for a change of rate. If it were so made by the plaintiffs' agents it authorized the substitution of a full or one hundred per cent co-insurance clause for the eighty per cent co-insurance clause. There is no evidence in the case which would sustain a finding that the change was secretly or fraudulently made. What negotiations, if any, were had between the agents which led to the reduction of the premium do not appear.

We think the evidence fails to establish a cause of action in favor of the plaintiffs and that the judgment dismissing the complaint was right and should be affirmed, with costs.

